UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-cr-450-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| OLGA PALAMARCHUK, ET. AL., | |
| Defendants. | |

This matter is before the Court pursuant to Defendant Pyotr Bondaruk's Motion in Limine #2 to exclude recordings unless and until the Government's proposed transcripts/translations are deemed accurate and a request for a pretrial hearing to determine whether the linguist is qualified.

As the Government explains in its opposition, at issue here are statements made by Defendant Bondaruk during an agent interview as well as undercover recordings of statements made by Defendants Bondaruk, Palamarchuk, Kuzmenko, and Zhiry.

A. <u>Defendants' Statements made during Agent Interview on November 11, 2010</u>

Defendant Bondaruk is concerned with statements of witnesses, co-defendants or co-conspirators taken by FBI Agents, utilizing linguist Mr. Dave Ricks.  The Government states that after a careful review of the agent reports related to agent interviews of Bondaruk, Palamarchuk, Kuzmenko, and Zhiry, the linguist Mr. Ricks was only present during Palamarchuk's initial

1

interview with agents on November 11, 2010.  The Government further explains that the interview was performed primarily in English and that Mr. Ricks was only used if Palamarchuk did not understand a particular question.  Mr. Ricks took no notes during the interview.

Although it appears that Mr. Rick's role in the interview was minimal, the Court will review Palamurchuk's statements under the standard provided in *United States v. Nazemian*, 948 F.2d 522 (9th Cir. 1991). The *Nazemian* court provides that a court should consider "on a case-by-case basis whether the translated statements fairly should be considered the statements of the speaker."  *Nazemian*, 948 F.2d at 527.  The court notes various factors that may be relevant in making this determination, "such as which party supplied the interpreter, whether the interpreter had any motive to mislead or distort, the interpreter's qualifications and language skill, and whether actions taken subsequent to the conversation were consistent with the statements as translated."  *Nazemian*, 948 F.2d at 527.

The first *Nazemian* factor considers which party supplied the interpreter.  The Government supplied Mr. Ricks as the interpreter here.  However, although he was hired by the government, his only role was to translate the statements.  There is no indication that he was hired for any other purpose but to assist with translations during the investigation.  As to the second factor, Defendant Bondaruk does not argue or provide any evidence that Mr. Ricks had any motive to mislead or distort the statements here.  Therefore, the Court has no reason to believe that Mr. Ricks had any motive to mislead.  As for the third factor, Mr. Rick's qualifications will be reviewed at the pre-trial hearing.  Finally, the fourth factor does not apply here because the conversations were about the Defendant Palamarchuk's past actions.

If the third factor is met and Mr. Ricks is deemed qualified, then the Court will admit the statements made by Defendant Bondaruk during the interview with agents on November 11, 2010.  Therefore, the Court will hold a pre-trial hearing on Monday June 22, 2015, to determine whether Mr. Ricks is sufficiently qualified to translate from the Russian language to English.

B.  <u>Statements made by Defendants to agents in English</u>

All Defendants' statements to law enforcement officers in English are an opposing party's

statement and therefore admissible under Federal Rule of Evidence ("FRE") 801(d)(2)(A).  FRE 801(d)(2)(A) provides that a statement is not hearsay if the statement is offered against an opposing party and was made by the party in an individual or representative capacity.  Therefore, the Court will admit these opposing party statements made in English to agents.

C. Translated Statements of Palamarchuk and Bondaruk

Defendant Bondaruk explains that during the investigation of all defendants in the case, many calls were intercepted and recorded.  Defendant moves the Court to exclude any and all recordings offered by the Government at trial without determining the accuracy of the pretrial production of proposed transcripts/translations.

In its opposition, the Government indicates that the United States may seek the admission of English translations of the following conversations: (1) a four-hour video and audio undercover recordings between Natalya Kuzmenko and defendant Palamachuk conducted primarily in Russian; (2) a recorded telephone call between defendants Palamarchuk and Bondaruk that was mostly in English, but also contained some conversation in Russian; and (3) a recorded telephone call between defendants Palamarchuk and Vera Zhiry that was mostly in English but contained a small amount of Russian. FBI Linguist David Ricks performed the translations of all these recordings.

Generally, recorded conversations are admissible.  *United States v. Tisor*, 96 F.3d 370, 376 (9th Cir. 1996).  To the extent that items (2) and (3) consist of recorded conversations that were mostly in the English language, said items will be admitted under *Tisor*.  As for admissibility of any transcripts of the translations of the aforementioned conversations, Defendants request that the Court first determine the accuracy of these transcripts before they are admitted.  In *United States v. Armijo*, the Ninth Circuit provides the following factors to determine whether an admitted transcript was accurate: "whether the court reviewed the transcript for accuracy; whether defense counsel was allowed to high-light alleged inaccuracies and to introduce alternative versions; whether the jury was instructed that the tape, rather than the transcript was evidence and whether the jury was allowed to compare the transcript to the tape

and hear counsel's argument as to the meaning of the conversations." *United States v. Armijo*, 5 F.3d 1229, 1234 (9th Cir. 1993).

At this time, the Court is prepared to review the transcript for accuracy and any alternative versions of the transcript that Defendants may have.  The Court invites Defendants to provide the Court with alternative transcripts or to provide their own Russian interpreter if necessary.

D. Defendant's Request for a *Daubert* Hearing is Denied

The Court denies Defendant's request for a *Daubert* hearing.  A *Daubert* hearing is primarily used by a trial judge to make a preliminary assessment of whether an expert's testimony is based on reasoning or methodology that is scientifically valid.  *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  Here, the focus is not on Mr. Ricks as an expert or his expert opinions, but rather his qualifications as an interpreter.  Therefore, a *Daubert* hearing is not necessary.

IT IS SO ORDERED.

Dated:  June 18, 2015

Troy L. Nunley
United States District Judge