UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 2:11-cr-00450-TLN |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR BAIL PENDING APPEAL** |
| PYOTR BONDARUK, | |
| Defendant. | |

This matter is before the Court on Defendant Pyotr Bondaruk's ("Defendant") Motion for Release Pending Appeal Disposition. (ECF No. 381.) The United States does not oppose Defendant's motion. (ECF No. 387.) For the reasons set forth below, the Court GRANTS Defendant's motion, (ECF No. 381).

///

///

///

///

///

///

///

///

1       **I.      FACTUAL AND PROCEDURAL BACKGROUND**

2               In connection with a mortgage fraud scheme dating to 2006, Defendant was indicted and

3       thereafter convicted by a jury on July 13, 2015 of one count of conspiracy to commit mail fraud

4       in violation of 18 U.S.C. § 1349 (Count One of the Indictment); one count of making a false

5       statement to a federally insured financial institution in violation of 18 U.S.C. § 1014 (Count Two

6       of the Indictment); and two counts of money laundering in violation of 18 U.S.C. § 1957 (Counts

7       Six and Seven of the Indictment).  (ECF No. 222.)  Defendant Olga Palamarchuk was also

8       convicted of Counts One and Two of the Indictment.  (ECF No. 221.)  Defendants Peter

9       Kuzmenko and Vera Zhiry were also convicted of Count One of the Indictment.  (ECF Nos. 223,

10      224.)  The Court on October 22, 2015, sentenced Defendant to four concurrent terms of seventy-

11      one months imprisonment followed by a three-year term of supervised release.  (ECF Nos. 290,

12      299 at 3–4.)  Defendant filed a notice of appeal of his conviction with the Ninth Circuit Court of

13      Appeals directly thereafter, (ECF No. 307), and on August 16, 2018, filed the instant Notice of

14      Motion and Motion for Release Pending Appeal Disposition, (ECF No. 381).

15              In brief summary, Defendant's Motion for Release Pending Appeal Disposition argues

16      that he is unlikely to flee or pose a danger to the community if released pending appeal, because

17      he complied with the terms of his release pending trial and sentencing, which lasted multiple

18      years.  (ECF No. 381 at 2.)  Referencing "the pretrial services report," which the Court assumes

19      to be the Presentence Investigation Report, (ECF No. 242), Defendant also states that he "has

20      sufficient connections to the Eastern District and lacks the ability to flee," (ECF No. 381 at 2).

21      Defendant also asserts that his appeal is not made for purpose of delay, presumably because it

22      raises substantial questions of law.  (ECF No. 381 at 3.)  Defendant argues that these substantial

23      questions of law in his appeal include whether the Court erred in denying Defendant's "defense of

24      materiality" as to Counts One, Three, Six, and Seven; and whether, as to all counts, Defendant's

25      convictions should be overturned because the Court improperly admitted "inflammatory and

26      prejudicial statements of a non-testifying co-defendant."  (ECF No. 381 at 3–4.)

27              Specifically, Defendant argues that it was reversible error for the Court to exclude

28      testimony from Defendant's proffered expert witness as to (i) the general practices of the

2

mortgage industry at the time of Defendant's conduct, (ECF No. 381-1 at 39–46), as well as (ii) the practices of the affected financial institutions at the time of Defendant's conduct, (ECF No. 381-1 at 46–51).  Defendant further asserts that his Confrontation Clause rights were violated when the Court sustained objections to defense counsel's questions on cross-examination that sought to ask about the nature of the mortgage loans at issue in the case as well as the mortgage loan securitization practices of the specific lenders Defendant defrauded.  (ECF No. 381-1 at 48–51.)  According to Defendant, his expert's testimony and defense counsel's unfettered cross-examination would have established that none of the misleading statements attributed to Defendant or to his co-conspirators were material, thereby demonstrating that the government could not prove an essential element of the mail fraud underlying the conspiracy and money laundering offenses for which Defendant was convicted.  (ECF No. 381-1 at 51–53.)  With respect to his conviction for making a false statement to a federally insured financial institution, Defendant's appeal argues that this conviction should be overturned because the Court improperly admitted "inflammatory and prejudicial" recorded statements from his co-defendant Palamarchuk.  (ECF No. 381 at 4; ECF No. 381-1 at 90–110.)

The United States on November 28, 2018 filed a Non-Opposition to Pyotr Bondaruk's Motion for Release Pending Appeal.  (ECF No. 387.)  While the government's filing cursorily disputes many of the factual claims made in Defendant's papers, in the end it merely requests that the Court refer Defendant to a magistrate judge to set proper conditions of his release pending appeal.  (ECF No. 387.)

## II.    STANDARD OF LAW

A defendant found guilty of a criminal offense should ordinarily be detained pending the disposition of any appeal of that conviction unless a court finds by clear and convincing evidence that (i) the person is not likely to flee or pose a danger to the safety of the community if released; (ii) the defendant's appeal is not for the purpose of delay; and (iii) the defendant's appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a noncustodial sentence, or a reduced custodial sentence that is "less than the total of the time already served plus the expected duration of the appeal process."  18 U.S.C. § 3143(b).  A

1  "substantial question" in this context is one that is "fairly debatable," meaning one that is "of

2  more substance than would be necessary to a finding that it was not frivolous." *United States v.*

3  *Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (citations omitted).  A defendant bears the burden of

4  proving that the question presented to an appellate court qualifies as "fairly debatable." *United*

5  *States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

6  The law does not require that a defendant moving for bail pending appeal demonstrate

7  likelihood of prevailing on appeal; it merely requires a defendant to demonstrate "that if that

8  substantial question is determined favorably to defendant on appeal, that decision is likely to

9  result in reversal or an order for a new trial [or imposition of a noncustodial or reduced custodial

10  sentence] of all counts on which imprisonment has been imposed." *Handy*, 761 F.2d at 1283

11  (citing *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985); *United States v. Miller*, 753

12  F.2d 19, 24 (3d Cir. 1985)).  Indeed, a defendant "need not, under *Handy*, present an appeal that

13  will likely be successful, only a non-frivolous issue that, if decided in the defendant's favor,

14  would likely result in reversal or could satisfy one of the other conditions" to qualify for release

15  pending appeal.  *United States v. Garcia*, 340 F.3d 1013, 1021 n.5 (9th Cir. 2003).

16  Finally, in the context of an appeal based on a district court's evidentiary rulings, "[s]uch

17  decisions will be reversed for an abuse of discretion only if such nonconstitutional error more

18  likely than not affected the verdict." *United States v. Edwards*, 235 F.3d 1173, 1178 (9th Cir.

19  2000) (per curiam) (citing *United States v. Ramirez*, 176 F.3d 1179, 1182) (9th Cir. 1999)).  At

20  the same time, "[a]n evidentiary error violates a defendant's due process rights when it excludes:

21  '(1) the main piece of evidence, (2) for the defendant's main defense, to (3) a critical element of

22  the government's case.'" *United States v. Haischer*, 780 F.3d 1277, 1284 (9th Cir. 2015)

23  (quoting *United States v. Evans*, 728 F.3d 953, 967 (9th Cir. 2013)).

24  **III.**   **ANALYSIS**

25  A.    Likelihood of Flight or Danger to the Community

26  The Court finds that Defendant is unlikely to flee and that he would not pose a danger to

27  the community if released pending disposition of his appeal. *See* 18 U.S.C. § 3143(b)(1)(A).

28  Defendant lived for many years in the Sacramento community while he was under

4

1  indictment and following his conviction. (ECF No. 381 at 2.) The Court has been presented with

2  no evidence to suggest that Defendant failed to comply during that time with the conditions of his

3  pretrial release. And while it is now more than three years old, the best information available to

4  the Court suggests that Defendant has strong family ties to the Sacramento community. (ECF No.

5  242 at 12.) Accordingly, the evidence shows that Defendant is unlikely to flee or pose a danger

6  to the Sacramento community.

7                              B.      Purpose of Delay

8          The Court finds that Defendant's appeal is not taken for purpose of delay. *See* 18 U.S.C.

9  § 3143(b)(1)(B). Defendant is currently serving his custodial sentence, so there is no evidence he

10  intends to delay his self-surrender date or any other proceeding by filing his appeal in the Ninth

11  Circuit. (ECF No. 381 at 3.)

12                              C.      Substantial Questions of Law or Fact

13          The Court finds that Defendant's appeal to the Ninth Circuit presents substantial questions

14  of law or fact that are "of more substance than would be necessary to a finding that [they are] not

15  frivolous." *Handy*, 761 F.2d at 1283.

16                              i.      *Count One*

17          Defendant was convicted under Count One of the Indictment for engaging in a conspiracy

18  to commit mail fraud. (ECF No. 222.) Defendant argues that his appeal of his conviction under

19  Count One presents the substantial question of whether his constitutional rights to present a

20  complete defense and to confront adverse witnesses were violated by the Court's exclusion of

21  expert and cross-examination testimony regarding the materiality of false statements he and his

22  co-conspirators made to lenders. (ECF No. 381-1 at 18–36.) Specifically, Defendant argues that

23  under the Ninth Circuit's holding in *United States v. Lindsey*, 850 F.3d 1009 (9th Cir. 2017), he

24  was entitled to introduce evidence that the lending standards generally applied in the mortgage

25  industry at the time of the charged conspiracy were such that none of the statements he made

26  were material to the decisions the defrauded lenders made to extend him credit. (ECF No. 381-1

27  at 28–31.)

28          To gain a conviction under 18 U.S.C. § 1349 for conspiracy to commit mail fraud, the

government must prove that a defendant (i) agreed with at least one other person to commit the crime of mail fraud, and (ii) became a member of the conspiracy knowing of at least one of its objects and intending to accomplish it. 9th Cir. Model Crim. Jury Instr. 8.20. "[B]ecause materiality is not a separate element of conspiracy under 18 U.S.C. § 1349," the government is not required to prove the materiality of any false statements made by a defendant or a defendant's co-conspirator in order to gain a conviction under this statutory provision. *United States v. Quassani*, 593 F. App'x 627, 628 (9th Cir. 2015). Materiality is certainly an element of the substantive offense of mail fraud, however, *Neder v. United States*, 527 U.S. 1, 25 (1999), and in mortgage fraud cases it is true that "defendants can disprove materiality through evidence of the lending standards generally applied in the mortgage industry," *Lindsey*, 850 F.3d at 1016. It can therefore deny a defendant the right to present a complete defense for a district court to exclude such industry-wide evidence in a trial for mortgage fraud where materiality is an essential element of the charged crime. *See United States v. Green*, 698 F. App'x 879, 880 (9th Cir. 2017) (vacating pre-*Lindsey* conviction on five counts of mortgage fraud on basis that defendant's right to present complete defense on materiality element was denied where district court excluded evidence of general lender behavior).

The Court notes that Defendant was convicted under Count One of conspiring to commit mail fraud in violation of 18 U.S.C. § 1349, the same criminal provision at issue in *Quassani*. (ECF No. 221.) The Court further notes that Defendant's argument does not directly address whether the Ninth Circuit's holding in *Quassani* limits the applicability of *Lindsey* to the conspiracy to commit mail fraud alleged in Count One of the Indictment. (*See* ECF No. 381-1 at 25–26 n.14.) Nonetheless, Defendant's burden at this stage is merely to demonstrate that his *Lindsey*-based appeal to the Ninth Circuit presents a question that is "of more substance than would be necessary to a finding that it [is] not frivolous." *Handy*, 761 F.2d at 1283. The Court finds that Defendant has carried his burden of demonstrating that his appeal of his conviction under Count One presents "a non-frivolous issue" because it is not unreasonable to think that the Ninth Circuit could limit, overrule, or substantially alter its *Quassani* decision in light of its more recent holding in *Lindsey*. *Garcia*, 340 F.3d at 1021 n.5. And should the Ninth Circuit use the

instant matter to broaden *Lindsey*'s applicability to criminal charges brought pursuant to 18

U.S.C. § 1349, this "would likely result in reversal" of Defendant's conviction under Count One.

*Id.* This is because the law now permits a mortgage fraud defendant to do what Defendant was

precluded from doing at trial: attack the materiality of allegedly fraudulent statements made to

mortgage lenders "through evidence of the lending standards generally applied in the mortgage

industry." *Lindsey*, 850 F.3d at 1016; *see also Green*, 698 F. App'x at 880; *Haischer*, 780 F.3d at

1284.

### ii.     *Count Two*

Defendant was convicted under Count Two for making a false statement to a federally

insured financial institution, (ECF No. 222 at 1), in connection with an application for a home

equity line of credit that was submitted to Bank of America, (ECF No. 1 at 9–10).  Defendant

argues that his appeal presents the substantial question of whether the Court erroneously

overruled his objections to the admissibility of secretly recorded statements made by his co-

defendant Palamarchuk, statements which suggested that Defendant masterminded a $150,000

withdrawal on the home equity line that Bank of America only extended him because of false

statements attributed to him in Count Two.  (ECF No. 381-1 at 95, 98–103, 109.)  Defendant

argues that admitting Palamarchuk's recorded statements regarding his role in the fraud

constituted reversible error because the admitted evidence was non-self-inculpatory as to

Palamarchuk and "was used to show Bondaruk's knowledge of the fraud."  (ECF No. 381-1 at

108.)  According to Defendant, admitting Palamarchuk's statements regarding his withdrawal of

home equity funds undermined Defendant's primary defense strategy to present himself to the

jury as "an unsophisticated and unknowing 'straw purchaser.'"  (ECF No. 381-1 at 118.)

Under Rule 804(b)(3) of the Federal Rules of Evidence, a declarant's statements against

that declarant's own penal interest are admissible under an exception to the hearsay rule where:

"(1) the declarant is unavailable as a witness; (2) the statement so far tended to subject the

declarant to criminal liability that a reasonable person in the declarant's position would not have

made the statement unless he believed it to be true; and (3) corroborating circumstances clearly

indicate the trustworthiness of the statement." *United States v. Paguio*, 114 F.3d 928, 932 (9th

Cir. 1997). However, where a statement to be admitted under this hearsay exception contains non-self-inculpatory segments, the "non-self-inculpatory statements are inadmissible even if they were made contemporaneously with other self-inculpatory statements." *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000). This is because "[t]he self-inculpatory statements, when offered by the government, are admissions by a party-opponent and are therefore not hearsay, but the non-self-inculpatory statements are inadmissible hearsay." *Id.* (citing *Williamson v. United States*, 512 U.S. 594, 599 (1994); Fed. R. Evid. 801(d)(2)).

The Court finds that Defendant's appeal of his conviction under Count Two is "of more substance than would be necessary to a finding that it [is] not frivolous," *Handy*, 761 F.2d at 1283, because the Ninth Circuit could conceivably decide that Palamarchuk's recorded statements regarding Defendant's leadership role in obtaining a $150,000 home equity loan contained segments that were non-self-inculpatory as to Palamarchuk, (ECF No. 381-1 at 109). Under *Ortega*, 203 F.3d at 682, the non-self-inculpatory segments of Palamarchuk's recorded statements could be held "inadmissible even [though] they were made contemporaneously with other self-inculpatory statements."

The government does not suggest that admitting Palamarchuk's non-self-inculpatory statements against Defendant did not affect the verdict convicting him under Count Two. *See Edwards*, 235 F.3d at 1178; (ECF No. 387). In the absence of any such argument, the Court finds it likely that the Ninth Circuit would reverse Defendant's conviction under Count Two if it finds that Palamarchuk's non-self-inculpatory statements were erroneously admitted against Defendant. *See Garcia*, 340 F.3d at 1021 n.5. This is because Defendant's main strategy against the charges in Count Two was to convince the jury "that he was unsophisticated and that Palamarchuk took advantage of him" in applying to Bank of America for the $150,000 home equity loan. (ECF No. 381-1 at 108.) The non-self-inculpatory segments of Palamarchuk's recorded statement directly undermined this trial strategy by presenting compelling and convincing evidence to the jury that it was Defendant—not Palamarchuk—who orchestrated the home equity fraud that culminated in Defendant's conviction under Count Two. (ECF No. 381-1 at 108.)

///

Defendant was convicted under Counts Six and Seven of money laundering in violation of 18 U.S.C. § 1957. (ECF No. 222 at 2.) His convictions were based on purchases of two cashier's checks from Bank of America for $22,650 and $70,000, the funds for which were "derived from [the] specified unlawful activity" of mail fraud in violation of 18 U.S.C. § 1341. (ECF No. 1 at 11–12; ECF No. 162 at 20–22.)

"A conviction for money laundering under 18 U.S.C. § 1957 requires the government to show: (1) the defendant knowingly engaged in a monetary transaction; (2) he knew the transaction involved criminal property; (3) the property's value exceeded $10,000; and (4) the property was derived from a specified unlawful activity." *United States v. Rogers*, 321 F.3d 1226, 1229 (9th Cir. 2003). Mail fraud is a "specified unlawful activity." *Id.* (citing 18 U.S.C. § 1957(f)(3); 18 U.S.C. § 1956(c)(7)(A); 18 U.S.C. § 1961(1)).

Accordingly, the government was required to prove at trial that mail fraud occurred in order for the jury to convict Defendant for laundering the illicit funds resulting from that fraud. (See ECF No. 219 at 26–27, 33–34; ECF No. 162 at 20–22.) Defendant therefore argues that his appeal of his convictions under Counts Six and Seven presents the same substantial question as his appeal of his conviction under Count One: whether his constitutional rights to present a complete defense and to confront adverse witnesses were violated by the Court's exclusion of expert and cross-examination testimony regarding the materiality of false statements he made to lenders. (ECF No. 376 at 15–22.)

For the same reasons articulated with respect to Defendant's appeal of his conviction under Count One, the Court finds that Defendant has carried his burden of demonstrating that his appeal of his convictions under Counts Six and Seven presents "a non-frivolous issue that, if decided in [D]efendant's favor, would likely result in reversal." *Garcia*, 340 F.3d at 1021 n.5.

**IV. CONCLUSION**

For the reasons set forth above, the Court GRANTS Defendant's Motion for Release Pending Appeal Disposition, (ECF No. 381). Defendant is ordered to appear before a magistrate judge for the Eastern District of California within forty-eight hours of his release from the

custody of the Bureau of Prisons, for the purpose of setting reasonable release conditions.

IT IS SO ORDERED.

Dated: January 18, 2019

_____
Troy L. Nunley
United States District Judge